UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. _____

EDWARD SANTANA, on behalf of himself and
all others similarly situated,

       Plaintiff,

v.

RCSH OPERATIONS, LLC, d/b/a RUTH'S
CHRIS STEAKHOUSE, a Florida corporation,

       Defendant.
_____/

## COLLECTIVE ACTION COMPLAINT

      COMES NOW Plaintiff, EDWARD SANTANA, on behalf of himself and all others similarly situated, by and through his undersigned counsel, and sues the Defendant, RCSH OPERATIONS, LLC, d/b/a RUTH'S CHRIS STEAKHOUSE, a Florida corporation, and alleges as follows:

      1.    That Plaintiff, a former employee of Defendant, brings this collective action on behalf of himself and all other similarly situated employees of Defendant, to recover compensation and other relief under the Fair Labor Standards Act, as amended (the "FLSA"), 29 U.S.C. § 201 et seq. Additionally, the Plaintiff seeks back wages, compensatory damages, punitive damages, and costs and attorneys' fees to remedy sexual harassment and discrimination, and retaliation based upon statutorily protected activities affecting the terms, conditions and privileges of employment, and to redress the deprivation of rights secured to the Plaintiff under the Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§2000e, et seq., as amended ("Act").

      2.    Jurisdiction is invoked pursuant to 28 U.S.C §§ 1331 and 1367, and 42 U.S.C. §2000e-5(f)(3).

13. That Defendant willfully refused to properly compensate Plaintiff, and others similarly situated, for minimum wage in violation of the FLSA, as the aforementioned 'tip-credit' was claimed despite the fact that Defendant had failed to comply with the 'tip-credit' requirements under the FLSA.

14. All records concerning the number of hours actually worked by Plaintiff, and others similarly situated, are in the exclusive possession and sole custody and control of the Defendant, and therefore, Plaintiff is unable to state at this time the exact amount due.

15. Plaintiff, however, will exert his collective diligent efforts to obtain such information by appropriate discovery proceedings, to be taken promptly in this case, and if required, an amendment to this Complaint will be submitted to set forth an amount due by the Plaintiff and others similarly situated.

16. The Plaintiff complained to the Defendant about this illegal pay practice, wherein the Defendant began to discipline the Plaintiff repeatedly, and cut the Plaintiff's hours, solely in retaliation for complaining about this pay practice, in direct violation of the FLSA anti-retaliation provision.

17. Additionally, during his employment, the Plaintiff was subjected to unwelcomed and unprovoked sexual harassment and discrimination.

18. Specifically, the Plaintiff was subjected to sexual harassment and discrimination by his supervisor, Bradley Moore, consisting of sexual comments, and unwanted touching and kissing, amongst other inappropriate conduct.

19. The Plaintiff did not welcome the conduct described in Paragraph 18, and advised management that such conduct was unwelcome and sexually harassing and discriminatory.

20. In response, the Defendant refused to investigate the Plaintiff's allegations, and continued to reprimand the Plaintiff, without taking any action whatsoever against any other employee involved in these allegations.

21. Thus, Defendant permitted acts of unlawful conduct to occur against the Plaintiff and the Defendant partook in the conduct in order to deliberately and adversely affect the Plaintiff in retaliation for the Plaintiff's complaints regarding sexual harassment and discrimination.

## COUNT I
## FLSA

Plaintiff, and others similarly situated, incorporate by reference the allegations contained in paragraphs 1 through 21 of this Complaint.

22. Plaintiff, and others similarly situated, are entitled to minimum wage for all hours worked pursuant to the FLSA.

23. By reason of the intentional, willful and unlawful acts of the Defendant in violation of the FLSA, Plaintiff, and others similarly situated, have suffered damages.

**WHEREFORE**, Plaintiff, EDWARD SANTANA, on behalf of himself and all others similarly situated, demand judgment against the Defendant for all damages and relief under the FLSA, including liquidated damages, attorneys' fees, costs and expenses, in addition to all other relief this Court deems just and proper.

## COUNT II
## FLSA ANTI-RETALIATION

Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 21 of this Complaint.

24. That Plaintiff complained to the Defendant concerning violations of the FLSA.

25. That, as a result of the Plaintiff's complaint, the Defendant, intentionally, willfully and unlawfully affected Plaintiff's employment with the Defendant, in violation of the FLSA.

26. That the Defendant's decision to adversely affect the Plaintiff was both connected to, and in response to the Plaintiff's complaint.

**WHEREFORE**, Plaintiff, EDWARD SANTANA, on behalf of himself and all others similarly situated, demand judgment against the Defendant for all damages and relief under the FLSA, including liquidated damages, attorneys' fees, costs and expenses, in addition to all other relief this Court deems just and proper.

## COUNT III
## THE ACT --- SEX HARASSMENT AND DISCRIMINATION

Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 21 of this Complaint.

27. The Defendant discriminated against the Plaintiff in the terms and conditions of his employment, harassed the Plaintiff, and otherwise denied the Plaintiff job opportunities because of his sex.

28. The unlawful discriminatory actions by the Defendant and its agents and employees, as set forth herein, were and are intentional, willful, malicious and with gross disregard for the Plaintiff's rights, and violate the Act.

29. As a direct and proximate result of the Defendant's unlawful and discriminatory treatment, the Plaintiff has suffered damages and will continue to suffer irreparable injury and damages in the future, including, but not limited to:

    a. Damage to reputation, confidence and self-esteem;

    b. Loss of past and future income;

    c. Loss of future earning capacity;

    d.    Loss of other fringe benefits;

    e.    Stress, anxiety and emotional distress;

    f.    Significant past and future pain and suffering; and

    g.    Other financial losses.

30. The Plaintiff is entitled to an award of reasonable attorney's fees, expert fees, costs and expenses related to this litigation.

WHEREFORE, the Plaintiff, EDWARD SANTANA, requests that judgment be entered against the Defendant for damages, including compensatory, consequential, and punitive, and all equitable relief, in addition to all litigation expenses and costs, including attorneys' fees and any other lawful and equitable relief this Court deems to be just and proper.

## COUNT IV
## THE ACT --- RETALIATION

Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 21 of this Complaint.

31. The Defendant's refusal to provide remedial action to the Plaintiff was, in whole or in part, in retaliation for his complaints of sexual harassment and discrimination.

32. The Defendant has discriminated against and harassed the Plaintiff in the terms and conditions of his employment, and has permitted further harassment and effectually denied the Plaintiff continued employment in retaliation for him lawfully having engaged in a statutorily protected activity, and as a result of his complaints of discrimination.

33. The Defendant's conduct constitutes unlawful retaliation under the Act, and such actions were willful and malicious and, as a direct and proximate result of the Defendant's unlawful and discriminatory conduct, the Plaintiff has suffered damages and will continue to suffer irreparable injury and damages in the future, including, but not limited to:

    a.    Damage to reputation, confidence and self-esteem;

    b.    Loss of past and future income;

    c.    Loss of future earning capacity;

    d.    Loss of other fringe benefits;

    e.    Stress, anxiety and emotional distress;

    f.    Significant past and future pain and suffering; and

    g.    Other financial losses.

34. The Plaintiff is entitled to an award of reasonable attorney's fees, expert fees, costs and expenses related to this litigation.

WHEREFORE, the Plaintiff, EDWARD SANTANA, requests that judgment be entered against the Defendant for damages, including compensatory, consequential, and punitive, and all equitable relief, in addition to all litigation expenses and costs, including attorneys' fees and any other lawful and equitable relief this Court deems to be just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff, EDWARD SANTANA, on behalf of himself and all others similarly situated, demand trial by jury of all issues triable as of right by a jury.

Dated: August 3, 2010.

        LEVY & LEVY, P.A.
        300 Southeast Thirteenth Street
        Fort Lauderdale, Florida 33316
        Telephone: (954) 763-5722
        Facsimile: (954) 763-5723
        E-mail: chad@levylevylaw.com
        Counsel for Plaintiff

        _____
        CHAD E. LEVY, ESQ.
        Florida Bar No. 0851701