UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 10-61376-CIV-SELTZER

CONSENT CASE

EDWARD SANTANA on behalf of himself
and all others similarly situated,

    Plaintiff,

vs.

RCSH OPERATIONS, LLC d/b/a RUTH'S
CHRIS STEAKHOUSE, a Florida corporation,

    Defendant.
_____/

<u>ORDER ON MOTION TO STRIKE</u>

THIS CAUSE is before the Court on Plaintiff's Motion to Strike (DE 43)[1] and was referred to the Court pursuant to the consent of the parties. The Court being sufficiently advised in the premises, it is hereby ORDERED that Plaintiff's Motion is DENIED for the reasons set forth below.

Plaintiff moves the Court to strike from Defendant's Motion for Sanctions (DE 28) certain "inappropriate" statements and "misrepresentations," including statements relating to his prior litigation history, the withdrawal of his former attorney, and his deposition testimony. Plaintiff argues that these are "collateral matters at best and were designed solely to confuse the issues in the case and cast Plaintiff in a bad light." Motion at 2 (DE

---

[1] Plaintiff filed his Motion to Strike as part of his Response in Opposition to Defendant's Motion for Sanctions (DE 34); thereafter, the Clerk re-docketed the Motion as a separate docket entry (DE 43). In the future, Plaintiff shall not move the Court for affirmative relief in a response memorandum.

43).

Motions to strike are governed by Rule 12(f) of the Federal Rules of Civil Procedure. That Rule makes clear that motions to strike must be directed to a party's pleadings. See Fed. R. Civ. P. 12(f) ("The court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter.") (emphasis added). Pursuant to Federal Rule of Civil Procedure 7(a), "pleadings" consist of only: a complaint an answer to a complaint; an answer to a counterclaim; an answer to a crossclaim: a third-party complaint, and a reply to an answer (if the court orders one). Accordingly, numerous courts in the Eleventh Circuit and elsewhere have held that a motion to strike filings (in whole or in part) that are not pleadings (as defined by Rule 7(a)) is improper. See, e.g., Croom v. Balkwall, 672 F. Supp. 2d 1280, 1285 (M.D. Fla. 2009) ("Generally, a motion to strike is limited to the matters contained in the pleadings."); Mann v. Darden, No. 2:07cv751-MHT, 2009 WL 2019588, at *1 (M.D. Ala. July 6, 2009) (same); McNair v. Monsanto Co., 279 F. Supp. 2d 1290, 1298 (M.D. Ga. 2003) ("In this circuit, the use of a rule 12(f) motion for the advancement of objections to an affidavit filed in support of a motion is generally considered improper."); Superior Prod. P'ship v. Gordon Auto Body Parts Co., Ltd., No. 2:06-cv-0916, 2008 WL 2230774, at *1 (S.D. Ohio May 28, 2008) ("[M]otions, briefs or memoranda, objections, or affidavits may not be attacked by the motion to strike.") (quoting Lowery v. Hoffman, 188 F.R.D. 651, 653 (M.D. Ala. 1999)) (citing 2 James Wm. Moore, et al., Moore's Federal Practice § 12.37[2] (3d ed. 1999)); Int'l Longshoremen's Ass'n v. Va. Int'l Terminals, Inc., 904 F. Supp. 500, 504 (E.D. Va. 1995) (same).

Although it appears that the statements Plaintiff challenges here are only marginally

relevant (if at all), the Court must deny the instant Motion to Strike because the Motion for Sanctions in which the statements are contained is not a "pleading". See Holyoak v. United States, No. CV 08-8168-PHX-MKM, 2009 WL 1456742, at* 1 (D. Ariz. May 21, 2009) ("Rule 12(f) cannot serve as the procedural vehicle for striking language in motion papers."); Wilson v. City of Des Moines, 338 F. Supp. 2d 1008, 1023 n.19 (S.D. Iowa 2004) (denying on this basis motion to strike motion for summary judgment); Morroni v. Gunderson, 169 F.R.D. 168, 170 (M.D. Fla. 1996) (denying motion to strike a motion because "[a] motion is not a pleading, and thus a motion to strike a motion is not proper") In deciding Defendant's Motion for Sanctions, the Court will accord the challenged statements whatever weight it deems appropriate.

DONE AND ORDERED in Fort Lauderdale, Florida, this 18th day of February 2011.

BARRY S. SELTZER
United States Magistrate Judge

Copies to:

All counsel of record