UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

**CASE NO. 10-61376-CIV-COHN/SELTZER**

EDWARD SANTANA on behalf of himself and,
all others similarly situated,

    Plaintiff,

v.

RCSH OPERATIONS, LLC d/b/a RUTH'S
CHRIS STEAKHOUSE, a Florida corporation,

    Defendant.
_____/

## FIRST AMENDED COMPLAINT

**COMES NOW** Plaintiff, EDWARD SANTANA, on behalf of himself and all others similarly situated, by and through his undersigned counsel, and sues the Defendant, RCSH OPERATIONS, LLC, d/b/a RUTH'S CHRIS STEAKHOUSE, a Florida corporation, and alleges as follows:

### Introduction

1.    Plaintiff, a former employee of Defendant, brings this collective action on behalf of himself and all others similarly situated employees of Defendant, to recover compensation and other relief under the Fair Labor Standards Act, as amended (the "FLSA"), 29 U.S.C. § 201 et seq. Additionally, Plaintiff seeks back wages, compensatory damages, punitive damages, costs and attorneys' fees to remedy sexual harassment and discrimination, and retaliation based upon statutorily protected activities affecting the terms, conditions and privileges of employment, and to redress

the deprivation of rights secured to the Plaintiff under the Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§2000e, et seq., as amended (the "Act").

## Jurisdiction and Venue

2. Jurisdiction is invoked pursuant to 28 U.S.C §§ 1331 and 1367, 42 U. S.C. §2000e-5(f)(3), and 29 U .S.C. § 216(b).

3. The claims alleged herein arose within the Southern District of Florida, which is where venue is proper.

## Parties and General Allegations

4. At all times material hereto, Plaintiff, was a citizen and resident of this judicial district, *sui juris* and otherwise within the jurisdiction of this Court.

5. At all times material hereto, others similarly situated, were citizens and residents of this judicial district, *sui juris* and otherwise within the jurisdiction of this Court.

6. At all times material hereto, Defendant was the employer of the Plaintiff, and others similarly situated, was conducting business in this judicial district, and was an 'employer' as defined under the FLSA.

7. Plaintiff was hired as a non-exempt employee by the Defendant.

8. Plaintiff, and others similarly situated, were waiters at the Defendant's restaurant, and were 'tipped' employees under the FLSA.

CASE NO. 10-61376-CIV-COHN/SELTZER

## **COUNT I – FLSA (MINIMUM WAGE – INVALID TIP POOL)**

Plaintiff, and others similarly situated, hereby incorporates by reference the allegations contained in paragraphs 1 through 8 above, and further alleges as follows:

9. During the employment of Plaintiff, and others similarly situated, Defendant claimed a 'tip-credit' for Plaintiff and others similarly situated, and paid these employees below the statutorily required minimum wage under the FLSA.

10. In order for Defendant to claim a 'tip-credit', the Plaintiff and others similarly situated must be informed of the provisions of the 'tip-credit', and all tips received must be absolutely retained by Plaintiff, or pooled with other 'tipped' employees.

11. Defendant failed to comply with the 'tip-credit' requirements pursuant to the FLSA by requiring Plaintiff, and others similarly situated, to participate in a "tip pool" and to share their tips with other employees who do not customarily receive tips.

12. Defendant's failure to comply with the FLSA 'tip-credit' requirements results in Defendant's inability to claim a 'tip-credit' for Plaintiff and others similarly situated.

13. Defendant, unable to claim a 'tip-credit', is required to compensate Plaintiff and others similarly situated, with at least minimum wage.

14. Defendant willfully refused to properly compensate Plaintiff, and others similarly situated, for minimum wage in violation of the FLSA, as the aforementioned

'tipcredit' was claimed despite the fact that Defendant had failed to comply with the 'tip-credit' requirements under the FLSA.

15. Plaintiff, and others similarly situated, is entitled to minimum wage for all hours worked.

16. By reason of the intentional, willful, and unlawful acts of the Defendant in violation of the FLSA, Plaintiff, and others similarly situated, has suffered damages.

**WHEREFORE,** Plaintiff, EDWARD SANTANA, on behalf of himself and all others similarly situated, demands judgment against the Defendant for all damages and relief under the FLSA, including liquidated damages, attorneys' fees, costs and expenses, in addition to all other relief this Court deems just and proper.

### COUNT II – FLSA (MINIMUM WAGE – UNPAID HOURS)

Plaintiff, hereby incorporates by reference the allegations contained in paragraphs 1 through 4, 6, and 7 above, and further alleges as follows:

17. On numerous occasions, Defendant failed to pay Plaintiff any wages for hours worked.

18. For example, Defendant failed to pay Plaintiff any wages for hours worked during his orientation period and during hours spent as part of obligatory at-home study during his first week of training.

19. Defendant also had a pattern and practice on many days of clocking Plaintiff out early, while Plaintiff was still performing his duties.

20. Plaintiff is entitled to minimum wage for all hours worked pursuant to the FLSA.

21. By reason of the intentional, willful, and unlawful acts of the Defendant in violation of the FLSA, Plaintiff has suffered damages.

**WHEREFORE,** Plaintiff, EDWARD SANTANA, demands judgment against the Defendant for all damages and relief under the FLSA, including liquidated damages, attorneys' fees, costs and expenses, in addition to all other relief this Court deems just and proper.

## COUNT III – FLSA (RETALIATION)

Plaintiff, hereby incorporates by reference the allegations contained in paragraphs 1 through 4, and 6 through 21 above, and further alleges as follows:

22. Plaintiff complained to the Defendant about its illegal pay practices, wherein the Defendant began to discipline the Plaintiff repeatedly, cut the Plaintiff's hours, and eventually terminated Plaintiff, solely in retaliation for complaining about its illegal pay practices, in direct violation of the FLSA anti-retaliation provision.

23. By reason of the intentional, willful, and unlawful acts of the Defendant in violation of the FLSA, Plaintiff has suffered damages.

**WHEREFORE,** Plaintiff, EDWARD SANTANA, demands judgment against the Defendant for all damages and relief under the FLSA, including liquidated damages, attorneys' fees, costs and expenses, in addition to all other relief this Court deems just and proper.

CASE NO. 10-61376-CIV-COHN/SELTZER

## **COUNT IV– SEXUAL HARASSMENT**

Plaintiff, hereby incorporates by reference the allegations contained in paragraphs 1 through 4, 6, and 7 above, and further alleges as follows:

24. During the course of his employment with Defendant, Plaintiff was subjected to unwelcomed and unprovoked sexual harassment.

25. Specifically, the Plaintiff was subjected to sexual harassment and discrimination by his supervisor, Bradley Moore, consisting of sexual comments, and unwanted touching and kissing, amongst other inappropriate conduct.

26. Plaintiff did not welcome the above-referenced conduct and advised management that such conduct was unwelcome and sexually harassing and discriminatory.

27. Defendant refused to investigate Plaintiff's allegations, and continued to reprimand Plaintiff, without taking any action whatsoever against any other employee involved in these allegations.

28. Thus, Defendant permitted acts of unlawful conduct to occur against the Plaintiff.

29. The unlawful discriminatory actions by the Defendant and its agents and employees, as set forth herein, were intentional, willful, malicious and with gross disregard for the Plaintiff's rights, and violate the Act.

30. As a direct and proximate result of the Defendant's unlawful and discriminatory treatment, the Plaintiff has suffered damages and will continue to suffer irreparable injury and damages in the future, including, but not limited to:

    a. Damage to reputation, confidence and self-esteem;

    b. Loss of past and future income;

    c. Loss of future earning capacity;

    d. Loss of other fringe benefits;

    e. Stress, anxiety and emotional distress;

    f. Significant past and future pain and suffering; and

    g. Other financial losses.

31. Plaintiff is entitled to an award of reasonable attorney's fees, expert fees, costs and expenses related to this litigation.

WHEREFORE, the Plaintiff, EDWARD SANTANA, requests that judgment be entered against the Defendant for damages, including compensatory, consequential, and punitive, and all equitable relief, in addition to all litigation expenses and costs, including attorneys' fees and any other lawful and equitable relief this Court deems to be just and proper.

## **COUNT V – THE ACT (RETALIATION)**

Plaintiff, hereby incorporates by reference the allegations contained in paragraphs 1 through 4, 6, 7, and 24 through 31 above, and further alleges as follows:

32. Defendant's refusal to provide remedial action to Plaintiff was, in whole or in part, in retaliation for his complaints of sexual harassment and discrimination.

33. Defendant has discriminated against and harassed Plaintiff in the terms and conditions of his employment, and has permitted further harassment and effectually denied Plaintiff continued employment in retaliation for him lawfully having engaged in a statutorily protected activity, and as a result of his complaints of discrimination.

34. Defendant's conduct constitutes unlawful retaliation under the Act, as such actions were willful and malicious and, as a direct and proximate result of Defendant's unlawful and discriminatory conduct, Plaintiff has suffered damages and will continue to suffer irreparable injury and damages in the future, including, but not limited to:

    a. Damage to reputation, confidence and self-esteem;

    b. Loss of past and future income;

    c. Loss of future earning capacity;

    d. Loss of other fringe benefits;

    e. Stress, anxiety and emotional distress;

    f. Significant past and future pain and suffering; and

    g. Other financial losses.

35. Plaintiff is entitled to an award of reasonable attorney's fees, expert fees, costs and expenses related to this litigation.

WHEREFORE, the Plaintiff, EDWARD SANTANA, requests that judgment be entered against the Defendant for damages, including compensatory, consequential,

CASE NO. 10-61376-CIV-COHN/SELTZER

and punitive, and all equitable relief, in addition to all litigation expenses and costs, including attorneys' fees and any other lawful and equitable relief this Court deems to be just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff, EDWARD SANTANA, on behalf of himself and all others similarly situated, demand trial by jury of all issues triable as of right by a jury.

Respectfully Submitted,
MALKA & KRAVITZ, P.A.
Attorneys for Plaintiff

By: /s/
 _____
 HARRY MALKA, ESQ.
 Florida Bar No. 0659193

CASE NO. 10-61376-CIV-COHN/SELTZER

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 21st day of February, 2011, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified below in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

Electronic Notice Via CM/ECF:

Laurie M. Chess
Jones Walker
601 Brickell Key Drive
Suite 500
Miami, FL 33131
lchess@joneswalker.com

                                           MALKA & KRAVITZ, P.A.
                                           Attorneys for Plaintiff

                                                    /s/
                                           _____
                                           HARRY MALKA, ESQ.
                                           Florida Bar No. 0659193
                                         harry@mkpalaw.com