UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 10-61376-CIV-SELTZER

CONSENT CASE

EDWARD SANTANA on behalf of himself
and all others similarly situated,

    Plaintiff,

vs.

RCSH OPERATIONS, LLC, d/b/a RUTH'S
CHRIS STEAKHOUSE, a Florida corporation,

    Defendants.
_____/

ORDER DENYING PLAINTIFF'S MOTION TO QUASH SUBPOENAS TO NON-PARTIES

THIS CAUSE is before the Court on Plaintiff's Motion to Quash Subpoenas to Non-Parties (DE 52) and Defendant's response in opposition thereto (DE 53). Plaintiff has failed to file a reply, and the time for doing so has passed. For the reasons set forth below, Plaintiff's Motion is DENIED.

Plaintiff Edward Santana was employed as a waiter for four months at one of Defendant's Ruth's Chris Steakhouses in Coral Gables, Florida. He brings this action against his former employer alleging violations of the Fair Labor Standards Act ("FLSA"). Plaintiff additionally asserts claims for gender discrimination/harassment and retaliation under Title VII of the Civil Rights Act of of 1964 ("Title VII"). In addition to overtime wages under the FLSA, Plaintiff seeks to recover damages for emotional distress, past and future pain, damages to reputation, and punitive damages.

Defendant has notified Plaintiff of its intent to serve subpoena *duces tecum* on 22

non-parties.  According to Plaintiff, all the subpoenas are directed to his former employers. Defendant, however, represents that only ten subpoenas are directed to Plaintiff's former employers; the remaining 12 subpoenas are directed to employers for which Plaintiff worked after being discharged by Defendant.

Each subpoena seeks the production of the following documents:

> [A] complete copy of all [Plaintiff's] personnel records, including but not limited to, the following:  requirements of position(s) applied for; employment application; resumes with cover letter; documentation of reference checks; notes or records regarding interviews; records pertaining to the payment and/or reimbursement of travel expense; personnel files; documents referring to or describing any and all benefits Mr. Santana received, has received and/or for which he is or would have been eligible, including but not limited to, health insurance or any other type of insurance; payroll records; disciplinary records; performance evaluations; and investigative files or notes.

<u>See</u> Subpoenas (DE 52-1).   Plaintiff now moves the Court to quash these subpoenas, arguing that the documents sought are not relevant to the pending action and that the document requests are overbroad. Plaintiff relies solely on <u>Barrington v. Mortgage IT, Inc.</u>, No. 07-61304, 2007 WL 4370647, at *3-6 (S.D. Fla. Dec. 10, 2007), in which this Court quashed subpoenas that sought production of employment records from the plaintiff's former employers.  The court in <u>Barrington</u> found that the documents sought were not relevant to the plaintiff's FLSA overtime claim or to the defendant's exempt position defense; the court also found that the document requests were overbroad.

Unlike <u>Barrington</u>, however, Plaintiff's claims here are not limited to FLSA overtime violations; he also asserts claims for gender discrimination/harassment and retaliation under Title VII.  The employment documents sought from the employers for which Plaintiff

worked after his discharge from Ruth's Chris are relevant to whether he mitigated his Title VII damages and to Plaintiff's contention that he has not been hired by potential employers or has been fired by subsequent employers because of this litigation. With respect to documents sought from Plaintiff's former employers, those employment documents are relevant to Defendant's after-acquired evidence defense. Moreover, the documents sought are relevant to the issue of Plaintiff's credibility. This Court in Barrington recognized that a party's credibility may be an issue in every case; however, a party seeking documents relating to credibility must in good faith demonstrate a basis for the opposing party's lack of credibility. See Barrington, 2007 WL 4370647, at *5 and cases cited therein. Here, Defendant has presented ample evidence to call Plaintiff's credibility into question.

More importantly, the Court finds that Plaintiff has waived any objection to the subpoenas at issue. In response to Defendant's First Set of Requests for Production of Documents (DE 53-3), Plaintiff executed an "Employment Authorization," which authorizes Defendant's law firm to obtain a complete copy of Plaintiff's personnel records, including all documents sought by the subpoena. Plaintiff may not voluntary consent to the production of such documents, then later complain when Defendant attempts to obtain them. Accordingly, Plaintiff's Motion to Quash Subpoenas to Non-Parties (DE 52) is DENIED.

DONE AND ORDERED in Fort Lauderdale, Florida, this 4th day of April 2011.

BARRY S. SELTZER
United States Magistrate Judge

Copies to:

All counsel of record