UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 10-61376-CIV-SELTZER

EDWARD SANTANA on behalf of himself and
all other similarly situated,

    Plaintiff,

v.

RCSH OPERATIONS, LLC, d/b/a RUTH'S
CHRIS STEAKHOUSE, a Florida corporation,

    Defendant.
_____/

**DEFENDANT'S MOTION TO DISMISS FOR FRAUD ON THE COURT AND FOR EXPEDITED RELIEF**
**AND INCORPORATED MEMORANDUM IN SUPPORT[1]**

RCSH Operations, LLC ("Ruth's Chris"), by and through its undersigned counsel, moves to dismiss Plaintiff's Amended Complaint based on his submission of false information to this Court on two applications to proceed *in forma pauperis*. (Doc. 74 and Doc. 78). Given that depositions have been scheduled for September 23rd and 27th and a mediation on September 28th, Ruth's Chris seeks expedited consideration of this Motion to Dismiss.

**INTRODUCTION**

Mr. Santana has filed two applications to proceed *in forma pauperis* under penalty of perjury in which he denied receiving any income from "any other source" in the past twelve months. (Doc. 74 and 78). In his original application, Mr. Santana also denied having received income from any employer in the past twelve months, but "corrected" this after Ruth's Chris

---

[1] Ruth's Chris files this motion separately from its previously filed Motion to Dismiss based upon Plaintiff's failure to complete his deposition (Doc. 64), but requests that the Court consider each motion without prejudice to the relief requested in the other.

pointed out that he had sworn in his discovery responses that he had been employed at and derived income from numerous employers during that time period. (Doc. 74, 75, and 78).

In its Order Denying Corrected Application (Doc. 80), the Court accepted Mr. Santana's representation in his Corrected Application that, in answering question 3 in his original application, Mr. Santana "honestly misread the question." *Id.* at 2. Ruth's Chris had also questioned whether Plaintiff had been truthful on his applications given his receipt of settlement funds in January of 2011 in the amount of $1,250.00. The Court observed that Plaintiff had indicated he had not received any income from "any other sources" on both his Original and Corrected Application and cautioned Plaintiff that should he file a third application, his case must be dismissed if it is determined that "the allegation of poverty is untrue." *Id.*[2]

On Friday, September 9, 2011, Ruth's Chris learned that Plaintiff stated to another employer he is suing, that in **August of 2011**, he obtained approximately **$13,500.00** from yet another employer he has sued. (Case 1:11-cv-22794-UU, Doc. 17-6, attached for the Court's convenience as Exh. A.) Specifically, on August 31, 2011 (the day after filing his original application to proceed *in forma pauperis*), Mr. Santana stated: "I am not going to mention any names but I just had a case settle about the same asking amount of $13,500, AND I ONLY WORKED THERE FOR A MONTH . . ." *Id.* (emphasis in original). Given that Mr. Santana recently claimed to work at the Coral Gables Ale House for one month in 2011 (Rec. Doc. 75-1), and his litigation against that employer was dismissed on August 17, 2011 (Case 1:11-cv-20761-AJ, Doc. 41), it seems likely that this is the settlement Mr. Santana referred to in his email. In

---

[2] The Court also reminded Mr. Santana that even were his application to proceed *in forma pauperis* granted, Mr. Santana would still be responsible for discovery costs, including witness fees. Ignoring this Court's reminder, Mr. Santana has apparently served subpoenas without tendering the witness fee. *See* subpoena Mr. Santana issued to Mr. Sullivan, claiming that the "witness fee will be provided at time of deposition." Attached as Exh. B.

{M0273801.1}                            2

any event, Mr. Santana failed to advise the Court on either of his two applications to proceed *in forma pauperis* that he received approximately **$15,000** from settlements in 2011.[3]   To the contrary, Mr. Santana represented to this Court on **two** occasions that he had **not** received any income from "any other sources." (Doc. 74 and 78).

### LAW AND ARGUMENT

Where a plaintiff falsely claims poverty in order to avoid paying a filing fee, the Court is required to dismiss the complaint. *See* 28 U.S.C. § 1915(e)(2)(A) ("Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the allegation of poverty is untrue").  As this Court previously noted, the court's only discretion is whether to dismiss the case with or without prejudice. *See Igbinadolor v. Tivo, Inc.*, No. 1:08-CV-2580-RWS, 2009 WL 3253946, at *1 (N.D. Ga. Oct. 6, 2009) (Doc. 80).

The Court also has the inherent power to dismiss a claim as a sanction for wrongful behavior.  *See*, *e.g.*, *Chamber v. NASCO, Inc*., 501 U.S. 32, 43-51 (1991); *Link v. Wabash R.R. Co.*, 370 U.S. 626, 632 (1962) (dismissal of lawsuit is within the court's discretion).  "Bad faith [supporting a sanction] exists when the court finds that a fraud has been practiced upon it . . . " *See Allapattah Servs., Inc. v. Exxon Corp.*, 372 F. Supp. 2d 1344, 1373 (citing *Chambers*, 401 U.S. at 46); *see also Malautea v. Suzuki Motor Co. Ltd.*, 987 F.2d 1536, 1545-46 (11th Cir. 1993) (affirming district court's award of default judgment for violation of discovery orders and imposition of fines under court's inherent power).

The Eleventh Circuit has noted the serious nature of false testimony, stating that

---

[3] Plaintiff also failed to advise the Court of any income he received from settlements or employment in his application to proceed *in forma pauperis* in his lawsuit against Kendall CR. Case 1:11-cv-22794-UU, Doc. 3.  That defendant has also filed a Motion to Dismiss Mr. Santana's Complaint based on fraud on the Court.  Case 1:11-cv-22794-UU, Doc. 16.

"[p]erjury, regardless of the setting, is a serious offense that results in incalculable harm to the functioning and integrity of the legal system as well as to private individuals." *United States v. Holland*, 22 F.3d 1040, 1047 (11th Cir. 1994). This sentiment has been voiced by virtually every other court which has considered the question. *See*, *e.g.*, *United States v. Cornielle*, 171 F.3d 748, 752 (2d Cir. 1999) ("Perjury goes to the very heart of the fair administration of justice. No legal system can long remain viable if lying under oath is treated as no more than a social solecism. Swearing to tell the truth is a solemn oath, the breach of which should have serious consequences, especially where the perjurer tells his lie in an attempt to obtain money damages." *Metro. Dade County v. Martinsen*, 736 So.2d 794, 795 (Fla. 3d DCA 1999) ("It is well-settled law that a party who has been guilty of fraud or misconduct in the defense of a civil proceeding should not be permitted to continue to employ the very institution it has subverted to achieve her ends") (citations omitted).

Mr. Santana's affirmative representations that he had received **no money** from any other source during the past twelve months was patently false. Accordingly, his lawsuit should be dismissed.

### CONCLUSION

In this matter, even if Mr. Santana misread the question about his employment status over the past twelve months, it is clear that his repeated representations to the Court that he has not obtained any money from "any other sources" over the past twelve months are not truthful. Accordingly, his lawsuit should be dismissed, with prejudice, pursuant to 28 U.S.C. § 1915(e) and the Court's inherent powers.

Dated: September 12, 2011                    Respectfully submitted,

                                             Laurie M. Chess
                                             Laurie M. Chess (Florida Bar No.: 657751)

        E-mail: lchess@joneswalker.com
        JONES, WALKER, WAECHTER,
         POITEVENT, CARRERE & DENEGRE, L.L.P.
        201 South Biscayne Boulevard
        Suite 2600
        Miami, FL  33131
        Telephone:  (305) 679-5728
        Facsimile:  (305) 679-5710

        Attorneys for Defendant

## Certificate of Service

I hereby certify that I electronically filed the foregoing document with the Clerk of the Court by using CM/ECF.  I also hereby certify that a true and correct copy of the foregoing was served via transmission of Notices of Electronic Filing generated by CM/ECF on this 12th day of September, on the Service List below.

        /s/ Laurie M. Chess
        Laurie M. Chess

## SERVICE LIST

Edward Santana
9041 SW 122 Avenue, #203
Miami, FL 33185
esantana44@yahoo.com
Served via regular mail