UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 10-61376-CIV-SELTZER

CONSENT CASE

EDWARD SANTANA on behalf of himself
and all others similarly situated,

      Plaintiff,

vs.

RCSH OPERATIONS, LLC d/b/a RUTH'S
CHRIS STEAKHOUSE, a Florida corporation,

      Defendant.

_____/

<u>ORDER DENYING DEFENDANT'S MOTION TO DISMISS</u>

THIS CAUSE is before the Court on Defendant's Motion to Dismiss (DE 64) pursuant to the consent of the parties.  The Court having reviewed the Motion, Plaintiff's Response (DE 72), and Defendant's Reply (DE 76) and being otherwise sufficiently advised, it is hereby ORDERED that the Motion is DENIED for the reasons set forth below.

<u>BACKGROUND</u>

Plaintiff Edward Santana was employed as a waiter at one of Defendant's Ruth's Chris Steakhouses in Coral Gables, Florida.  He brings this action against his former employer alleging violations of the Fair Labor Standards Act ("FLSA") and Title VII of the Civil Rights Act of 1964 ("Title VII") (for sexual harassment and retaliation).

Defendant moves to dismiss Plaintiff's claims as a sanction "for his repeated failure to participate in discovery."  Motion at 2 (DE 64).  The only alleged failure to participate in discovery identified in the instant Motion, however, is Plaintiff's failure to complete his

deposition.

<u>Continuation of Plaintiff's Deposition set for November 16, 2010</u>

On November 2, 2010, Plaintiff appeared for his deposition; the deposition was commenced at 10:00 a.m. and was adjourned at 5:50 p.m. – lasting 7 hours and 50 minutes, including a lunch recess and other breaks.  Under Federal Rule of Civil Procedure 30(d)(1) and Local Rule 26.1K, a deposition is limited to one day of seven hours, unless the parties stipulate or the court orders otherwise.   The advisory note to Rule 30(d) provides that "[t]his limitation contemplates that there will be reasonable breaks during the day for lunch and other reasons and that the only time to be counted is the time occupied by the actual deposition."   Fed. R. Civ. P. 30(d) Advisory Notes, 2000 Amendment.  According to Defendant, the parties agreed at the end of the day that Plaintiff's deposition would be continued; Defendant estimated that it was entitled to depose Plaintiff for an additional 30 to 60 minutes.

By a November 3, 2010 email, Defendant's counsel asked Plaintiff's (then) counsel (Chad Levy) to contact her about a date to continue Plaintiff's deposition; she indicated it should take approximately another 30 minutes and suggested that it be "squeezed in" on November 16, 2010, the day Plaintiff was to depose Defendant's corporate representative.  That same day, Plaintiff's counsel (by email) informed Defendant's counsel that he needed to discuss certain issues with his client before proceeding further and that he would get back to her at the end of that week.  <u>See</u> November 3, 2010 emails (DE 28-6).  The next day (November 4), Plaintiff's counsel informed Defendant's counsel (by email) that he would be moving to withdraw his representation of Plaintiff and that Plaintiff would be proceeding *pro se*.  He indicated that he would cancel the November 16 deposition of

2

Defendant's corporate representative, but if Defendant's counsel still wanted to depose Plaintiff on November 16 he would appear with Plaintiff simply to conclude the deposition. Defendant's counsel responded by suggesting that Plaintiff's deposition be taken on an earlier date; Plaintiff's counsel replied that he did not yet know about an earlier deposition date.  <u>See</u> November 4, 2010 emails (DE 28-7).

On November 5, 2010, Defendant's counsel notified Plaintiff's counsel that Defendant did not oppose his motion to withdraw but it did oppose him appearing on behalf of Plaintiff for the continuation of Plaintiff's deposition (on November 16, 2011).  Plaintiff's counsel responded that his client opposed his withdrawal and that he would not be appearing at the deposition on behalf of Plaintiff.  <u>See</u> November 5, 2010 emails (DE 28-8). That same day, attorney Levy moved to withdraw his representation of Plaintiff due to "fundamental differences between Plaintiff and his counsel."  Motion to Withdraw (DE 23).

The next day (November 6, 2010), Defendant served a Notice of Taking Deposition Continuance of Edward Santana on both Plaintiff and attorney Levy; Defendant set the continuation deposition for November 16, 2010 (DE 28-9).  According to Defendant, on November 9, 2010, Plaintiff Santana contacted Defendant's counsel and informed her that he would not be appearing for the rest of his deposition; he denied that he had agreed to complete his deposition.  In response to Defendant's counsel's inquiry, Plaintiff indicated that he would not appear on a day other than November 16.

On November 11, 2010, attorney Levy (by email) informed Defendant's counsel that he did not think that Plaintiff would be appearing for the continuation of his deposition, even though he advised Plaintiff to attend and that Plaintiff had declined his (Levy's) offer to attend the deposition with Plaintiff.  The next day, Plaintiff Santana informed Defendant's

counsel that he might attend the November 16, 2010 deposition and that he would let her know the day before the scheduled date.   On November 15, 2010, Plaintiff informed Defendant's counsel that he would not be appearing for the deposition scheduled for the next day.   Nevertheless, on November 16, 2010, Defendant's counsel appeared for the deposition and made a record of Plaintiff's non-appearance.  See November 16, 2010 Dep. Transcript (Ex. 28-12).  According to Defendant, the next day, Plaintiff agreed to complete his deposition on a date that he could take Defendant's manager's deposition;[1]  Defendant did subsequently propose dates for the manager's deposition, but Plaintiff failed to respond.

On November 23, 2010, Defendant filed a Motion for Sanctions (DE 28) and moved to dismiss Plaintiff's claims for, *inter alia*, failing to complete his deposition; alternatively, Defendant requested that the Court compel Plaintiff to complete his deposition and to award the reasonable expenses it had incurred in bringing the sanctions motion.

On December 6, 2010, the Court permitted attorney Levy to withdraw his representation of Plaintiff; that same day attorney Harry Malka entered an appearance of behalf of Plaintiff.  And on December 13, 2010, (pursuant to the Court's Order), the parties filed a Joint Status Report (DE 34), informing the Court that they had agreed that Plaintiff would complete his deposition on a mutually convenient date.   Thereafter, the parties completed briefing the pending sanctions motion.

On February 18, 2011, the Court denied Defendant's Motion for Sanctions (DE 46). The Court concluded that under the circumstances presented an award of sanctions would

---

[1]  According to Plaintiff, the only condition he placed on completing his deposition was that the deposition be postponed for a few weeks to permit him to obtain new counsel.

4

be unjust; the Court reasoned:

> Defendant served its notice and set the continuation of Plaintiff's deposition knowing that Plaintiff's attorney had moved to withdraw his representation. And Defendant objected to attorney Levy representing Plaintiff at the continuation deposition. Moreover, Plaintiff was faced with a Hobson's choice; he could appear unrepresented at the deposition, appear with an attorney who had moved to withdraw his appearance and with whom he had "fundamental differences," or he could fail to appear and face possible sanctions.

February 18, 2010 Order (DE 46).

On that same date, the Court also entered an Order (DE 47) permitting Plaintiff (over Defendant's objections) to amend his Complaint (filed by his original attorney) to include additional alleged FLSA violations (to which Plaintiff had testified in his November 2, 2010 deposition) and to amend his Statement of Claim. As discovery was then still on-going, the Court noted that Defendant could explore how Plaintiff had arrived at the calculations in his proposed amended Statement of Claim, either by written discovery or by deposition. The Court further noted that Defendant had agreed to continue his deposition; it stated: "[I]f Plaintiff's deposition has already been completed, Defendant may seek leave of court to re-depose Plaintiff if necessary." Order at 5 (DE 47).

<u>Continuation of Plaintiff's Deposition set for July 6, 2011</u>

Shortly after the parties had consented to trial before the undersigned, Defendant filed its (first) motion seeking dismissal of Plaintiff's claims for discovery violations; the Court, therefore, delayed entering a new scheduling order until after it had ruled on that motion. After denying Defendant's Motion for Sanctions and granting Plaintiff's Motion to Amend Complaint and Statement of Claim, the Court requested that the parties confer and

5

inform it how much time they needed to complete discovery and when they would be ready for trial.  On March 29, 2011, the parties' counsel began conferring (though emails) on these issues; Defendant's counsel noted that she still needed to complete Plaintiff's deposition.  On March 31, 2011, (by email) Defendant's counsel asked Plaintiff's counsel whether his client could complete his deposition on either April 20 or April 27, 2011 (DE 64-1); Defendant's counsel again inquired about these proposed deposition dates in a April 5, 2011 email (DE 64-3).[2]  And through an April 13, 2011 email, Defendant's counsel inquired whether Plaintiff could be available for deposition on April 27, 2011 (DE 64-4).[3]

Apparently that same day or the next morning, Defendant's counsel learned from a newspaper article that Plaintiff was incarcerated and requested that Plaintiff's counsel confirm this information; on April 14, 2011, Plaintiff's counsel responded (by email) that he had just learned that Defendant's information about his client's incarceration was correct, and informed her that Plaintiff would not be available until early July 2011 (DE 64-5).[4]

On May 11, 2011, Defendant's counsel informed Plaintiff's counsel (by email) that

_____

[2]  The record does not reflect that Plaintiff's counsel ever responded to these requests.

[3]  It appears that this was Defendant's first attempt to reset the continuation of Plaintiff's deposition since the parties had stated in their December 30, 2010 Joint Status Report that they had agreed that Plaintiff would complete his deposition on a mutually convenient date.

[4]  Unaware of Plaintiff's incarceration, on April 19, 2011, this Court entered a Scheduling Order (DE 55), setting a June 17, 2011 discovery deadline, a July 15, 2011 dispositive motion deadline, and an October 31, 2011 trial date.  On May 5, 2011, the parties moved to extend the pretrial deadlines because they had learned that Plaintiff had been "unavoidably unavailable" since late March and was expected to remain unavoidable until late June or early July (DE 56).  The Court, therefore, extended the discovery deadline to July 18, 2011, and the dispositive motion deadline to August 1, 2011; the trial date remained the same (DE 57).

she had learned from court filings in another case that Plaintiff was to be released from jail on July 3, 2011,[5] and inquired whether Plaintiff's counsel would be available to complete Plaintiff's deposition on July 18, 2011 (DE 64-7).  Plaintiff's counsel responded that he would be available on that date, but he could not confirm whether Plaintiff would then be available.  Defendant's counsel learned that the detention center where Plaintiff was incarcerated would permit her to depose Plaintiff there, and she inquired (by email) whether Plaintiff's counsel would be available on June 1, June 2, or any day the next week (June 6 through June 10).  See May 13, 2011 email (DE 64-9).[6]  When Plaintiff's counsel failed to respond to these inquiries, on June 6, 2011, Defendant's counsel inquired about continuing Plaintiff's deposition on July 6, 2011 (DE 64-12); she followed up this inquiry on June 15, 2011 (DE 64-13).

Having received no response from Plaintiff's counsel, on June 21, 2011, Defendant served a Notice of Taking Deposition Continuation of Edward Santana (DE 64-14); the deposition was set to commence on July 6, 2011, at 10:00 a.m.  On June 27, 2011, Defendant's counsel reminded Plaintiff's counsel about the July 6 deposition (DE 64-15).

On July 5, 2011, Plaintiff's counsel emailed Defendant's counsel, expressing surprise at her voicemail indicating that Plaintiff's deposition was scheduled the next day. Plaintiff's counsel explained that he had been out of the country attending a family

---

[5] A June 22, 2011court filing by Plaintiff Santana (in another case) reflects that he was released from jail on June 19, 2011 (DE 64-17).

[6] Given the uncertainty of Plaintiff's availability to complete his deposition before the (then) July 18, 2011 discovery deadline, on May 18, 2011, Defendant moved to extend the pretrial deadlines (DE 60); the Court granted the motion in part and extended the discovery deadline to July 29, 2011, and the dispositive motion deadline to August 12, 2011 (DE 61); the Court subsequently extended these deadlines by 60 days (DE 68).

member's funeral when the deposition notice was served and the deposition date inadvertently was not calendared; it had simply "got lost in the shuffle." Plaintiff's counsel then stated that because his client had just recently been released from jail, he had not had an opportunity to discuss the case with him "in quite some time," but he was to meet with Plaintiff that day. Plaintiff's counsel requested that Defendant cancel the July 6 deposition; he assured her that he would provide alternative dates as soon as possible (DE 76-4). Defendant's counsel responded (by email) that she could not agree to cancel Plaintiff's July 6 deposition because of the August 12, 2011 dispositive motion deadline and her unavailability in early August due to a scheduled vacation; she, indicated that the only other available deposition date would be July 8, 2011. Defendant's counsel, however, offered to start the July 6 deposition at 1:00 p.m. (instead of at 10:00 a.m.) (DE 76-4). Plaintiff's counsel replied that since Defendant was not amenable to continuing the deposition, they would go forward with the July 6 deposition as scheduled (DE 76-4).

Later than same day (July 5, 2011), Plaintiff's counsel notified Defendant's counsel that he would be moving to withdraw his representation of Plaintiff. Defendant's counsel responded that she had no objection to his withdrawal if the Court would extend the pretrial deadlines or if Plaintiff would agree to appear for his deposition on July 6 (as scheduled) or at least by July 15. Later that evening, Plaintiff's counsel filed his Motion to Withdraw, citing "fundamental differences" with his client (DE 63). In this motion, Plaintiff's counsel stated that Plaintiff had refused to attend the deposition scheduled for the next day unless his counsel appeared with him; Plaintiff's counsel indicated that he did not feel he could ethically do so. Subsequently that evening, Plaintiff Santana emailed his counsel, stating that he was not refusing to appear for the July 6 deposition, but he had to work some time

8

that day; Santana sent a copy of that email to Defendant's counsel.

On the scheduled date of the deposition (July 6), at 7:30 a.m., Plaintiff Santana informed Defendant's counsel (by email) that he would most likely file a voluntary dismissal without prejudice that week and then later re-file the case (DE 64-16). At 10:00 a.m. (the scheduled start of the deposition), Defendant's counsel responded (by email) inquiring whether Plaintiff was available to attend the deposition at 1:00 p.m. that day or whether he would be available for the deposition on July 8 (DE 64-16). According to Defendant, at 1:45 p.m. Plaintiff informed Defendant's counsel that he could not appear for deposition for the next few weeks as he had to prepare for his upcoming DUI trial. Plaintiff indicated that if he were not sentenced to jail time, he would request the Court to extend the pretrial deadlines to permit him time to obtain another attorney; if he were sentenced to jail time, he would move to dismiss the case without prejudice and re-file it when he was released. At 4:00 p.m. that day (July 6), Plaintiff informed Defendant's counsel (by email) that he had "no problem complying with the Judge's orders," but he needed 30 days to find new counsel. He noted, however, that although his attorney (Malka) had agreed that Plaintiff would appear for a continuation of his deposition, he himself had never consented because Defendant had already deposed him for 7 hours; he contended (erroneously) that the Court had noted that Plaintiff had already been deposed for the required time when it denied Defendant's sanctions motion.[7]  Plaintiff indicated that he would not be able to proceed

---

[7]  The Court merely noted in its February 18, 2011 Order that between the time Plaintiff's deposition commenced until the time it ended a period of 7 hours and 50 minutes had elapsed; it, however, was unable to determine the actual deposition time (exclusive of breaks) because the deposition transcript did not reflect the length of the breaks taken. The Court was not required to decide the actual time Plaintiff testified because in their Joint Status Report the parties represented that Plaintiff had agreed to complete his deposition.

with this action until he had received a copy of his file from attorney Malka (DE 64-16), which he had already requested.  The next day (July 7), Defendant filed the instant Motion to Dismiss.[8]

On July 22, 2011, the Court entered an Order (DE 68) granting attorney Malka's Motion to Withdraw.  The Court also: (1) gave Plaintiff until August 12, 2011, to obtain new counsel;[9] (2) ruled that Plaintiff was not required to complete his deposition before that date unless he earlier obtained new counsel; (3) extended for 60 days the pretrial deadlines (that had not already passed); and (4) informed the parties it would set a new trial date and pretrial conference date by separate order.

<u>DEFENDANT'S MOTION TO DISMISS</u>

Defendant moves to dismiss this action for Plaintiff's failure to complete his deposition.  Where a party fails to attend his deposition after being served with a proper notice, Federal Rule of Civil Procedure 37(d) authorizes a court to impose sanctions, including the relief requested here – dismissing the action.  <u>See</u> Fed. R. Civ. P. 37(b)(2)(A)(v).  However, because dismissal is a severe penalty a court may dismiss a case with prejudice only where there is a "clear record of delay or willful contempt and a finding that lesser sanctions would not suffice." <u>Jones v. Graham</u>, 709 F.2d 1457, 1458 (11th Cir. 1983); <u>see</u> <u>also</u> <u>Navarro v. Cohan</u>, 856 F.2d 141, 142 (11th Cir. 1988) ("The sanction of dismissal is an extreme remedy and should not be imposed if lesser sanctions

_____

[8]  Upon Plaintiff's Motion (filed by attorney Malka), the Court extended the time for Plaintiff to respond to Defendant's Motion to Dismiss until August 26, 2011, to permit Plaintiff an opportunity to obtain new counsel (DE 66).  Plaintiff *pro se* filed his response on August 26, 2011 (DE 72), and Defendant replied thereto on August 31, 2011 (DE 76).

[9]  Plaintiff has not obtained substitute counsel and, therefore, he is now proceeding *pro se.*

10

will suffice."); <u>In re Polyproplylene Carpet Antitrust Litigation</u>, 181 F.R.D. 680, 696 (N.D. Ga. 1998) ("The decision to dismiss a claim . . . 'ought to be a last resort – ordered only if non-compliance with discovery orders is due to willful or bad faith disregard for those orders.'") (quoting <u>Cox v. American Cast Iron Pipe Co.</u>, 784 F.2d 1546, 1556 (11th Cir. 1986)).

Although the Court felt it necessary to set forth at length the events leading up to the filing of the instant Motion, the pertinent facts are simple.  When Defendant's counsel was unable to set the continuation of Plaintiff's deposition for a mutually convenient date (due to Plaintiff's counsel's unresponsiveness to her numerous inquiries), Defendant served a Notice of Taking Deposition Continuation of Edward Santana, unilaterally setting the continuation deposition for July 6, 2011.  Because the deposition date was inadvertently not calendared by Plaintiff's office, Plaintiff's counsel was unaware that Plaintiff's deposition had been set until he was reminded by a voicemail from Defendant's counsel on July 5, 2011.  More importantly, Plaintiff himself did not learn that Defendant had set his deposition for July 6, 2011, until the day before he was to appear.  And later that same day (July 5), Plaintiff's counsel filed a motion to withdraw his representation (after the close of business on July 5, 2011), after informing Defendant's counsel that he intended to do so.  In his motion to withdraw, attorney Malka stated that Plaintiff had refused to appear for the July 6 deposition unless Malka appeared with him; Malka, however, believed that he could not ethically do so.[10]  Plaintiff did not appear for his deposition on July 6, 2011.  The last communication (of record) between Plaintiff Santana

_____

[10]  Plaintiff later that day emailed attorney Malka stating that he was not refusing to appear at the deposition, but rather had to work sometime on July 6; Plaintiff sent a copy of this email to Defendant's counsel.

and Defendant's counsel before Defendant filed the instant motion occurred on July 6, 2011, at 4:00 p.m.  Although Defendant seems to suggest that in the email Plaintiff refused to complete his deposition,[11] the Court does not construe the email as a refusal to complete his deposition at any time.  Rather, Plaintiff stated that he had "no problem complying with the Judge's orders," but he needed 30 days to find new counsel and required a copy of his file (which he had already requested from attorney Malka) before he could proceed; Plaintiff did note that he himself (as opposed to his counsel) had not consented to continue his deposition and that the court had mentioned in its order that he had already been deposed for 7 hours.[12]  At 12:44 p.m the next day (July 7), Defendant moved to dismiss with prejudice Plaintiff's claims.

The Court shares Defendant's sense of *déjà vu* and appreciates Defendant's frustration in not having (yet) been able to complete Plaintiff's deposition.  Nonetheless, the Court cannot conclude that, under the circumstances, sanctions are warranted, particularly the harshest sanction of all – dismissal with prejudice.  Plaintiff had only one day's notice of the deposition and (once again) he was faced with appearing without his attorney.  Although the Court declines to impose sanctions, it wants to make clear to Plaintiff that the Court is ordering him to complete his deposition, whether or not he has

---

[11]  After noting that Plaintiff had earlier that day informed Defendant's counsel that he would not appear for deposition in the next few weeks because he was preparing for his DUI trial and that depending on whether he would be required to serve jail time, he may dismiss this case without prejudice, Defendant states:  "On July 6, 2011, at 4:00 p.m. Plaintiff changed his story **yet again** – claiming he never agreed to complete his deposition and stating that the Court had already found that he had been deposed for the required amount of time."  Motion at 7 (DE 64) (emphasis in original).

[12]  As previously noted, see note 7 *supra*, Plaintiff's interpretation of the Court's February 18, 2011 Order is erroneous.

agreed to do so.  And the Court further cautions Plaintiff that if he fails again to appear for a properly noticed deposition, the Court will not hesitate to impose sanctions, including dismissal (with prejudice) of this action.

Accordingly, it is hereby ORDERED as follows:

1.      Defendant's Motion to Dismiss (DE 64) is DENIED.

2.      Plaintiff shall complete his deposition on a date and at a time mutually convenient to the parties; the deposition shall not last more than 4 hours and must be completed no later than October 12, 2011.

3.      To prevent any prejudice to Plaintiff, the Court will extend the discovery and dispositive motion deadlines by separate Order.

DONE AND ORDERED in Fort Lauderdale, Florida, this 28th day of September 2011.

BARRY S. SELTZER
United States Magistrate Judge

Copies to:

All counsel of record

Edward Santana
9041 SW 122 Avenue, #203
Miami, FL  33186

13