UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 10-61376-CIV-SELTZER

CONSENT CASE

EDWARD SANTANA on behalf of himself
and all others similarly situated,

    Plaintiff,

vs.

RCSH OPERATIONS, LLC d/b/a RUTH'S
CHRIS STEAKHOUSE, a Florida corporation,

    Defendant.
_____/

## ORDER DENYING MOTION FOR DISQUALIFICATION

On the morning of the fourth (and final) day of the trial of this matter, *pro se* Plaintiff Edward Santana presented to the Court a Motion for Disqualification of Magistrate Judge Seltzer (DE 184). After due consideration, the Court summarily denied the Motion from the bench, and the trial then proceeded to its conclusion. This Order now sets forth the Court's reasons for the denial of Plaintiff's disqualification motion.

Plaintiff brings his Motion for Disqualification pursuant to 28 U.S.C. § 455. Section 455 "creates two conditions for recusal." United States v. Amedeo, 487 F.3d 823, 828 (11th Cir. 2007). The Eleventh Circuit has discussed these two conditions:

> First, § 455(a) provides that a judge shall disqualify himself in any proceeding in which his impartiality might be reasonably questioned. 28 U.S.C. § 455(a). Under § 455(a), recusal is appropriate only if an objective, disinterested, lay observer fully informed of the facts underlying the grounds on which recusal was sought would entertain a significant doubt of the judge's impartiality. . . .

> Second, § 455(b) provides that a judge shall also disqualify himself where, *inter alia*, he *actually has* a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding. 28 U.S.C. § 455(b)(1). . . . The bias or prejudice must be personal and extrajudicial; it must derive from something other than that the judge learned by participating in the case. . . .

Id. at 828-29 (emphasis in original) (citations and quotation marks omitted); see also Johnson v. Trueblood, 629 F.2d 287, 291 (3rd Cir. 1978) (Extrajudicial bias or prejudice "refers to a bias [or prejudice] that is not derived from the evidence or conduct of the parties that the judge observes in the course of the proceedings."). "The decision of whether to recuse lies within the discretion of the trial judge." Meza-Role v. Partyka, No. 11-2307 (JLL), 2011 WL 2579884, at *1 (D.N.J. June 27, 2011).

Here, Plaintiff's disqualification motion is based on alleged bias and prejudice under § 455(b).[1] Plaintiff first alleges that the undersigned has a personal bias and prejudice against him. More specifically, Plaintiff alleges that the undersigned has "degraded and talked down to him in the presence of the jury," "scold[ed] and/or berat[ed] him for mistakes he has made in the courtroom" in the presence of the jury, and "insinuated" (outside the presence of the jury) that Plaintiff committed fraud with respect to payment (or non-payment) to a private court reporter. Motion at 1-3 (DE 184). Plaintiff, however, has failed to provide any factual support for these conclusory allegations. In determining whether

---

[1] Plaintiff does not appear to be questioning the undersigned's impartiality under § 455(a). But even if he were, disqualification would not be warranted. The standard under § 455(a) is an objective one: "The test is whether an objective, disinterested lay observer fully informed of the facts underlying the grounds on which recusal was sought would entertain a significant doubt about the judge's impartiality." Parker v. Conners Steel Co., 855 F.2d 1510, 1524 (11th Cir. 1988). Plaintiff has failed to proffer any facts from which a reasonable person would conclude that the undersigned's impartiality might reasonably be questioned.

recusal is appropriate, § 455 does not require the trial judge to accept as true all allegations; a claim of bias, prejudice, or partiality must be supported by the facts. United States v. Greenough, 782 F.2d 1556, 1558 (11th Cir. 1986) ("If a party could force recusal of a judge by factual allegations [alone], the result would be a virtual open season for recusal."); Plaintiff B. v. Francis, No. 5:08-cv-79-RS-AK, 2008 WL 5263435, at *2 (N.D. Fla. Dec. 16, 2008); see also Cooney v. Booth, 262 F. Supp. 2d 494, 508 (E.D. Pa. 2003) (citation and quotation marks omitted) (noting that it is "vital to the integrity of the system of justice that a judge not recuse himself on unsupported, irrational, or highly tenuous speculation.").

Plaintiff next alleges that the undersigned "has shown bias and prejudice throughout the trial towards Plaintiff in regards to rulings on motions and other pertinent matters." Motion at 2 (DE 184). Plaintiff identifies the following specific judicial rulings: (1) requiring Plaintiff to file in a short period of time a written response to Defendant's *ore tenus* [contempt] motion requesting that the Court grant summary judgment as a sanction (as opposed to requiring him to respond orally at the time the motion was made) and suggesting in a "threatening manner" that if Plaintiff failed to respond, the Court would nonetheless rule on the motion; (2) requiring Plaintiff to pay the full witness fees and expenses (in accordance with Federal Rule of Civil Procedure 45 and 28 U.S.C § 1821) to his subpoenaed trial witnesses (who had testified under oath that they had not been paid in full); and (3) admitting into evidence the testimony of police officers pertaining to Plaintiff's DUI offense.

Adverse rulings by a court are judicial in nature. "[J]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion." Liteky v. United States, 510

3

U.S. 540, 555 (1994); see also In re Walker, 532 F.3d 1304, 1311 (11th Cir. 2008) ("Adverse rulings are grounds for appeal, but are rarely grounds for recusal. . . ."); McWhorter v. City of Birmingham, 906 F.2d 674, 678 (11th Cir. 1990) ("Ordinarily, a judge's rulings in the same or a related case may not serve as the basis for a recusal motion."). As the Supreme Court has explained:

> [Judicial rulings] [i]n and of themselves (i.e., apart from surrounding comments or accompanying opinion) . . . cannot possibly show reliance upon an extrajudicial source; and can only in the rarest circumstances evidence the degree of favoritism or antagonism required (as discussed below) when no extrajudicial source is involved. Almost invariably, they are proper grounds for appeal, not for recusal. Second, opinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible.

Liteky, 510 U.S. at 555; see also McWhorter v. City of Birmingham, 906 F.2d 674, 678 (11th Cir. 1990)) (An exception to the general rule that a judge's ruling may not serve as a basis for a disqualification motion "occurs when the movant demonstrates 'pervasive bias and prejudice.'") (quoting United States v. Phillips, 664 F.2d 971, 1002-03 (5th Cir., Unit B (1981)); Moore v. McNeil, No. 5:10cv5/RS-AK, 2010 WL 3747791, at *2 (N.D. Fla. Sept. 20, 2010) ("Where allegations of bias [or prejudice] stem merely from disagreement with rulings of a [trial] court, the alleged bias is judicial rather than personal in nature, and recusal is only appropriate where the movant demonstrates 'pervasive bias and prejudice.'"). Here, Plaintiff's allegations of bias and prejudice due to adverse rulings fail to demonstrate either the "deep-seated favoritism or antagonism" or the "pervasive bias and prejudice" required for recusal.

In sum, Plaintiff has failed to show that the undersigned has a personal bias and prejudice against him; nor could he do so. Despite Plaintiff's conclusory allegations, the undersigned harbors no personal animus, bias, or prejudice against Plaintiff. And Plaintiff's allegations of bias and prejudice based on judicial rulings are not sufficient to support his disqualification motion. Accordingly, the undersigned's disqualification is not required. See generally West Publ'g Co., No. 99-11959-EE, 1999 WL 994997, at *2 (11th Cir. Nov. 1, 1999) ("There is as much obligation for a judge not to recuse when there is no occasion for him to do so as there is for him to do so when there is.") (quoting Hinman, 831 F.2d at 939); Smartt v. United States, 267 F. Supp. 2d 1173, 1177 (M.D. Fla. 2003) ("[A] judge has a strong duty to sit where there is no legitimate reason to recuse as he does to recuse when the law and facts require it.").

DONE AND ORDERED in Fort Lauderdale, Florida, this 8th day of February 2012.

BARRY S. SELTZER
United States Magistrate Judge

Copies to:

All counsel of record

Edward Santana
9041 SW 122 Avenue, #203
Miami, FL  33186