UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 10-61376-CIV-SELTZER

CONSENT CASE

EDWARD SANTANA on behalf of himself
and all others similarly situated,

      Plaintiff,

vs.

RCSH OPERATIONS, LLC d/b/a RUTH'S
CHRIS STEAKHOUSE, a Florida corporation,

      Defendant.
_____/

ORDER ON DEFENDANT'S MOTION FOR COSTS

THIS CAUSE is before the Court on Defendant's Motion and Incorporated Memorandum in Support of Bill of Costs (DE 193) (which the Court construes as a Motion for Costs), Plaintiff's Response to Defendant's Motion (DE 194), and Defendant's Reply (DE 195). The matter was referred to the undersigned Magistrate Judge pursuant to the consent of the parties. The Court having considered the parties' arguments and being sufficiently advised, it is hereby ORDERED that Defendant's Motion is GRANTED in part and DENIED in part as set forth below.

Plaintiff Edward Santana brought this action against Defendant RCHS Operations, LLC, d/b/a Ruth's Chris Steakhouse, asserting claims for violations of the Fair Labor Standards Act ("FLSA") and sexual harassment under Title VII of the Civil Rights Act ("Title VII"). During the course of the litigation, the Court granted summary judgment in favor of Defendant on Plaintiff's FLSA invalid tip pool and minimum wage/unpaid hours claims, and

it granted judgment as a matter of law in favor of Defendant on Plaintiff's Title VII hostile environment sexual harassment claim.  Following a trial on Plaintiff's FLSA and Title VII retaliation claims, the jury returned a verdict in favor of Defendant.  Thereafter, the Court entered Final Judgment in favor of Defendant on all claims (DE 192).  Defendant now moves the Court for an award of costs in the amount of $17,860.33, pursuant to Federal Rule of Civil Procedure 54(d).

Rule 54(d) provides that "unless a federal statute, these rules, or a court order provides otherwise, costs – other than attorney's fees – should be allowed to the prevailing party." Fed. R. Civ. P. 54(d)(1).  Rule 54 creates a strong presumption that the court will award costs to the prevailing party. Mathews v. Crosby, 480 F.3d 1265, 1276 (11th Cir. 2007) ("there is a strong presumption that the prevailing party will be awarded costs"); Manor Healthcare Corp. v. Lomelo, 929 F.2d 633, 639 (11th Cir. 1991) (noting that Rule 54(d) "creates a presumption in favor of awarding costs to the prevailing party which [the opponent] must overcome").

Here, having obtained judgment in its favor on all Plaintiff's claims, Defendant is clearly the prevailing party and, thus, is entitled to costs. See Head v. Medford, 62 F.3d 351, 354 (11th Cir. 1995) ("Usually, the litigant in whose favor judgment is rendered is the prevailing party for purposes of Rule 54(d)."). The particular items that may be taxed as costs are set out in 28 U.S.C. § 1920, which provides in pertinent part:

> A judge or clerk of any court of the United States may tax as costs the following:
>
> (1)   Fees of the clerk and marshal;
>
> (2)   Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;

    (3)   Fees and disbursements for printing and witnesses;

    (4)   Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;

    (5)   Docket fees under section 1923 of this title;

    (6)   Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

Although the decision to award costs is discretionary with the court, it may only tax those items specifically enumerated in § 1920, absent alternative statutory authority. Crawford Fitting Co. v. J.T. Gibbons, Inc., 482 U.S. 437, 441-42 (1987). "When challenging whether costs are taxable, the losing party bears the burden to demonstrate that a cost is not taxable, unless the knowledge regarding the proposed cost lies within the exclusive knowledge of the prevailing party." DuChateau v. Camp Dresser & McKee, Inc., No. 10-60712-Civ, 2012 WL 1069166, at *1 (S.D. Fla. Mar. 29, 2012) (Rosenbaum, M.J.); Even though the burden falls on the losing party to demonstrate that a cost is not taxable, the prevailing party "still bears the burden of submitting a request for [costs] that [will] enable the Court to determine what [costs] were incurred and whether [the prevailing party] is entitled to them." Ferguson v. North Broward Hosp. Dist., No. 10-61606-CIV, 2011 WL 3583754, at *3 (S.D. Fla. 2011) (Cohn, J.) (quoting Lee v. Am. Eagle Airlines, Inc., 93 F. Supp. 2d 1322, 1335 (S.D. Fla. 2000) (Middlebrooks, J.)).

The costs that Defendant seek fall within the following categories: (1) process server fees ($3,231); (2) witness fees ($3,904); (3) deposition and other transcripts ($8,567.07); (4) printing ($1,249.20) (5) photocopies ($5,479.83); and (6) rental of equipment for use

at trial ($335.84). In support of its Motion, Defendant has submitted an itemization of each category of costs and supporting documentation.

PROCESS SERVER FEES

Defendant seeks $3,231 for the costs of service of 59 subpoenas by various private process servers. Pursuant to § 1920(1), "[f]ees of the clerk and marshal" may be taxed as costs. The Eleventh Circuit has held that § 1920(1), read in conjunction with 28 U.S.C. § 1921,[1] authorizes a court to tax private process servers fees as costs, provided that the process servers' rates do not exceed what it would cost to have the U.S. Marshal effectuate service. U.S. E.E.O.C. v. W&O, Inc., 213 F.3d 600, 623-624 (11th Cir. 2000). When U.S. Marshals personally serve process, their rate is $55 per hour (or portion thereof) for each item served, plus travel costs and any other out-of-pocket expenses. See 28 C.F.R. § 0.114(a)(3) (setting costs for service of process). Defendant has submitted documentation reflecting that the process servers' fees for which it seeks costs range from $30 to $95. The documentation, however, does not provide any information as to the time expended to effectuate service by the private process servers or as to travel costs or other out-of-pocket expenses incurred. The Court, therefore, will tax as costs the actual private process fees that do not exceed $55 for service of each subpoena. For higher process server fees, the Court will tax $55 per subpoena – the hourly rate by the U.S. Marshal's

---

[1] Section 1921(a) sets forth the types of activities for which United States Marshals may collect a fee; serving a subpoena is one activity for which they may collect. Under section 1921(b), the Attorney General is permitted to prescribe by regulation the fees which may be charged by the Marshal's Service; those regulations are set forth in 28 C.F.R. § 0.114.

Service.[2]   As one district court has stated:

> The Court is not blind to the realities of the fee-for-service rates that many private process servers charge, but the realities of that market cannot circumvent the permissible recovery limits established by federal law, federal regulation, and the [Eleventh] Circuit.  Parties should be aware of those limits, for the Court is bound to respect them.

<u>Vardon Golf Co., Inc. v. Karsten Mfg. Corp.</u>, No. 99 C 2785, 2003 WL 1720066, at *8 (N.D. Ill. March 31, 2003) (limiting recovery for private process fees to U.S. Marshal's minimum charge where documentation inadequate).

Before calculating the cost for service of subpoenas, the Court will address Plaintiff's objections.  Plaintiff first objects to allowing costs for serving two subpoenas on his former employer, Jaasiel LLC and the costs for serving two subpoenas on the Miami Dade College Foundation.  Defendant explains that because Plaintiff provided it with conflicting employer information, it was necessary to serve both Jaasiel LLC d/b/a Alta Cocina and Enacore International Corp. d/b/a Alta Cocina to ensure it obtained documents from Plaintiff's correct former employer.  And with respect to the Miami Dade College Foundation, Defendant explains that it first subpoenaed documents regarding "Edward Santana," but the Miami-Dade College Foundation informed Defendant that it would require a new subpoena to obtain the records of "Eddy Santana."  The Court finds Defendant's explanations sufficient and, therefore, will award the costs for the service of the multiple subpoenas served on these entities.

---

[2] The Court rejects Plaintiff's argument that no more than $40 per subpoena should be taxed as costs.  Plaintiff provides no support for this argument other than that one process server informed him that it charged that amount for service of subpoenas in South Florida.

Plaintiff next argues that it was unreasonable for Defendant to subpoena as witnesses seven police officers. According to Plaintiff, only three of these officers were either present at Ruth Chris's when Defendant terminated his employment or were involved in his DUI arrest shortly thereafter. Defendant counters that all seven police officers were involved with the circumstances surrounding Plaintiff's DUI arrest and/or were mentioned on one of two police reports regarding Plaintiff's behavior at Ruth's Chris and/or leading up to his arrest. According to Defendant, all officers subpoenaed appeared and were present to testify at trial. The Court finds that at the time of the service of the subpoenas, Defendant reasonably believed that all officers' testimony may have been necessary. The Court, therefore, will award the costs for service of the subpoenas on all seven officers.[3] See U.S. Fidelity & Guar. Co. v. Lee Invs. LLC, No. CV-F-99-5583 OWW/SMS, 2010 WL 3037500, at *3 (E.D. Cal. Aug. 2, 2010) ("In order to award costs for service of subpoenas, the court need only determine whether the subpoenas were reasonable and necessary in light of the facts known at the time of service"; "[f]ees for service of potential trial witness subpoenas are not made inadmissible if the witness is not called to testify if it was necessary that the witness be available to give relevant testimony.") (quoting Movitz v. First Nat'l Bank of Chicago, 982 F. Supp. 571, 574 (N.D. Ill. 1997)).

Plaintiff next contends that it was unnecessary for Defendant to subpoena its current employees for trial. However, a subpoena to these witnesses was the only way to ensure their attendance at trial. That Plaintiff may have also served subpoenas on these

---

[3] Plaintiff also objects to an award of witness fees and mileage paid to these police officers. The Court, however, will award the costs of these expenses for the same reason it will award the costs of the trial subpoenas for them.

6

employees is of no import.

In summary, the Court will allow the costs for service of all 59 subpoenas at the rates discussed above. Accordingly, Defendant is entitled to $2,711 for service of subpoenas.[4]

## WITNESS FEES

Defendant seeks a total of $3,904.84 for witness fees (including mileage and a subsistence allowance for two of the witnesses). Witness fees are taxable as costs under § 1920(3). The amount that can be taxed is governed by 28 U.S.C. § 1821. Section 1821 permits a witness payment of $40 per day for attendance in court or at a deposition, a common carrier travel expense or a mileage allowance, a per diem subsistence allowance if an overnight stay at the place of attendance is required, and other miscellaneous expenses, such as tolls, parking fees, and taxicab fares.

Plaintiff objects to the subsistence amounts sought for hotel stays by Sandra Jones and Pete Tambini as "unreasonable and unnecessary." Subsistence costs for witnesses are recoverable when "an overnight stay is required at the place of attendance because such place is so far removed from the residence of such witness as to prohibit return thereto from day to day." 28 U.S.C. § 1821(d)(1). Here, according to Plaintiff's summary of witness fees (Ex. 4, DE 193-10), Tambini had to travel from Winter Park, Florida, to Fort Lauderdale, Florida, to attend trial and testify as a witness – a distance of approximately 218 miles. Tambini testified on only one day of the trial. The Court, therefore, finds that

---

[4] The amount awarded is calculated as follows: $55 for 26 subpoenas (Exs.1B-1J, 1L, 1Z, 1AA-ILL, 1NN, 1YY, 1ZZ, IEEE); $40 for 25 subpoenas (1A [2 subpoenas],1I, IK, IN-1Y, 1MM-1-QQ, 1UU, 1AAA [2 subpoenas]- 1DDD); $36 for 6 subpoenas (1RR-1TT, 1VV, 1WW, 1XX); $35 for 1 subpoena (IX); and $ 30 for 1 subpoena (IR).

7

an overnight stay for two nights was necessary.  Plaintiff seeks reimbursement for hotel stays of $176.49 for February 1, 2012, and $198.81 for February 2, 2012.  A subsistence allowance for a witness, however, "shall be paid in an amount not to exceed the maximum per diem allowance" set by the General Services Administration for federal employees. 28 U.S.C. § 1821(d)(2).  Therefore, "the amount taxable is the amount actually paid or the statutorily defined amount, whichever is less." Trading Techs. Int'l, Inc. v. eSpeed, Inc., 750 F. Supp. 2d 962, 970-971 (N.D. Ill 2010) (quoting Independence Tube Corp. v. Copperweld Corp., 543 F. Supp. 706, 721 (N.D. Ill. 1982)).  At the time of trial, the maximum per diem allowance for Fort Lauderdale, Florida was $164.[5]  Accordingly, the Court will award as subsistence costs $328 ($164 x 2 nights) for Tambini's hotel stays.

With respect to Sandra Jones, Plaintiff seeks $1106.05 for a stay at a hotel for 5 nights.  During the trial of this case, Sandra Jones acted in the dual roles of corporate representative and witness.  Although she was present for all four days of trial, she testified on only one day.  In awarding witness costs, "[c]ourts differentiate between time a corporate representative spends testifying versus days he or she spends advising trial counsel." Brown v. The McCraw Hill Cos., Inc., 526 F. Supp. 2d 950, 956 (N.D. Iowa 2007) (citing Dorothy K. Winston & Co. v. Town Heights Dev., Inc, 68 F.R.D. 431, 433-34 (D.D.C. 1975) ("Fees may be taxed in favor of a corporation which prevails for the appearance of its corporate officers and directors.  Yet, these fees like those of any witness are limited to days spent in transit, testifying or waiting to testify and not in advising counsel.")); see also True North Energy, LLC v. Chicago Title Ins. Co., No. 3:10 cv 1100, 2011 WL

---

[5] The maximum per diem rate during January and February 2012 for Fort Lauderdale can be found at http://gsa.gov/portal/category/100210.

5362063, at *5-6 (N.D. Ohio Oct. 27, 2011) (awarding costs of hotel stay for two nights for corporate representative who attended four days of trial, but testified as a witness only one day) (citing Hartford Fin. Servs. Group, Inc. v. Cleveland Pub. Library, No. 1:99 CV 1701, 2007 WL 963320, at *10 (N.D. Ohio Mar. 28, 2007) (court taxed witness costs for individual who served both as witness and corporate representative, excluding costs attributable to the witness's attendance as corporate representative)); Belk, Inc. v. Meyer Corp.U.S., No. 3:07-CV-168-DSC, 2010 WL 3474918, at *12 (W.D.N.C. Aug. 31, 2010) (awarding costs for days corporate representative actually testified as a witness); Honestech, Inc. v. Sonic Solutions, 725 F. Supp. 2d 583-84 (W.D. Tex. 2010) ("[W]here a corporate representative is not a controlling officer of the company, many courts have determined the representative is entitled to the statutory attendance fee and subsistence allowance provided for witnesses under 28 U.S.C. § 1821, although only for the day or days he appeared as a witness."). Accordingly, the Court will award subsistence costs for Jones in the amount of $328 ($164 x 2 nights).

Plaintiff also seeks reimbursement of $689.15 for mileage paid to Tambini for 2 days travel, apparently from Winter Park, Florida. See Ex. 4 (DE 193-10). Yet, it seeks only $239.81 for mileage paid to Jones for 2 days travel from the same city. Plaintiff has failed to explain this discrepancy. The Court, therefore, will award mileage of $239.81 each to Jones and Tambini's travel to and from Winter Park, Florida.

In addition to the mileage and subsistence allowances sought for Tambini and Jones, Plaintiff seeks a $40 witness fee and mileage for each of 20 other witnesses, totaling $1,494.53.[6] Plaintiff, however, objects to an award of the witness fees and mileage

---

[6] See Ex. 4 (DE 193-10) and attached documentation.

9

for Fransisco Arocha ($75.73), Bradley Moore ($75.73) and John Bublow ($78.97) because they did not appear at trial to testify; Defendant failed to address this objection in its reply memorandum. The Court, therefore, will deduct the witness fees and mileage charges ($230.43) for these three witness from the $1,494.53 sought for the 20 witnesses, resulting in an award of $1,264.10 for witness fees and mileage.

In summary, Defendant is entitled to an award of witness costs in the amount of $2,399.72, calculated as follows: $567.81 for Tambini subsistence allowance and mileage; $567.81 for Jones subsistence allowance and mileage; and $1,264.10 for witness fees and mileage for 17 other witnesses.

## DEPOSITION TRANSCRIPTS

Plaintiff seeks costs in the amount of $7,455.95 for 13 deposition transcripts[7] and a $165.40 attendance fee of a court reporter (with no transcript), as well as $945.72 for the expedited transcript of Plaintiff's trial testimony. Under § 1920(2), a prevailing party may be awarded costs for the "fees for printed or electronically recorded transcripts necessarily obtained for use in the case." The Eleventh Circuit has held that the taxation of deposition costs comes within the parameters of this section. W&O, 213 F.3d at 620. "The question of whether the costs for a deposition are taxable depends on the factual question of whether the deposition was wholly or partially 'necessarily obtained for use in the case.'" Id. at 620-21. "[A] deposition taken within the proper bounds of discovery will normally be deemed to be 'necessarily obtained for use in the case' and its costs will be taxed unless the opposing party interposes a specific objection that the deposition was improperly taken

---

[7] The Court is deeming the transcripts of Plaintiff's 2 days of depositions (Ex. 3A and 3D) to be one deposition transcript.

10

or unduly prolonged." George R. Hall, Inc. v. Superior Trucking Co., 532 F. Supp. 985, 994 (N.D. Ga. 1982) (quoting Jeffries v. Ga. Residential Fin. Auth., 90 F.R.D. 62, 63 (N.D. Ga. 1981)). And depositions relied upon for summary judgment motions are taxable. Helms v. Wal-Mart Stores, Inc., 808 F. Supp. 1568, 1572 (N.D. Ga. 1981), aff'd, 998 F.2d 1023 (11th Cir. 1993). By contrast, "where the deposition costs were merely incurred for convenience, to aid in thorough preparation, or for purposes of investigation only, the costs are not recoverable." W&O, 213 F.3d at 620 (quoting Goodwall Const. Co. v. Beers Const. Co., 824 F. Supp. 1044, 1066 (N.D. Ga.1992), aff'd, 991 F.2d 751 (Fed. Cir. 1993)).

Here, the parties took a total of 13 depositions, 12 of which were taken by Plaintiff. All the depositions were either used in support of or in opposition to Defendant's summary judgment motion and/or the individuals deposed testified at trial. The Court, therefore, finds that the depositions were necessarily obtained for use in the case.

In support of its request for deposition costs, Defendant has submitted the court reporters' invoices (Ex. 3, DE 193-9). These invoices reflect that, in addition to the cost of the actual transcripts (and attached exhibits), Plaintiff is also seeking reimbursement for court reporter appearance fees, condensed transcripts, indices, ASCII, litigation packages, courier service, postage, and shipping/handling charges. Numerous courts have ruled that court reporter appearance fees are properly taxable as costs. See, e.g., Arrambide v. Wal-Mart Stores, Inc., No. 900-6272, 2002 WL 531137, at *4 (6th Cir. April 4, 2002); Held v. Held, 137 F.3d 998, 1002 (7th Cir. 1998); McCalla v. AVMed, Inc., No. 11-60007, 2011 U.S. Dist. LEXIS, at *8 (S.D. Fla. Nov. 1, 2011 (Cohn, J.); Chacon v. El Milagro Care Ctr. Inc., No. 07-22835-CIV, 2010 WL 3023883, at *7 (S.D. Fla. July 29, 2010) (Simonton, M.J.); Wesley v. Dombrowski, No. 03-4137, 2008 WL 2609720, at *2-3 (E.D. Pa. June 26,

11

2008) ("[M]ost courts have permitted the prevailing party to recover the fee charged by the court reporter for his or her 'appearance.'") (collecting cases); Price v. United Tech. Corp., No. 99-8152-Civ, 2001 WL 36085163, at *2 (S.D. Fla. July 27, 2001) (adopting Report and Recommendation); but see Newman v. Hous. Auth. of the City of Fort Lauderdale, No. 06-60359-Civ, 2007 U.S. Dist. LEXIS 6797, at *7 (S.D. Fla. Jan. 31, 2007) (Middlebrooks, J.) (disallowing appearance fees as they are not "listed in § 1920"); Hansel v. Sea Ray Boats, 160 F.R.D. 166, 167 (D. Utah 1995) (finding court reporter appearance fee was separate and independent from actual transcription of deposition). The cases that have permitted court reporter appearance fees reason that it is necessary for the court reporter to appear and record the testimony and then to subsequently prepare the deposition transcript. The Court agrees that the appearance fee is directly related to transcript preparation. Accordingly, the Court will award the court reporter appearance fees as costs.

But "[c]ourts have not been as magnanimous with deposition costs [such as] compressed text 'minuscripts and disk copies of transcripts. . . . Most courts have reasoned that minuscripts and disk copies are only for the convenience of attorneys" and, thus, are not properly taxable. Scallet v. Rosenblum, 176 F.R.D. 522, 527 (W.D. Va. 1997); see also Powell v. Home Depot U.S.A., Inc., No. 07-80435-CIV-HURLEY/HOPKINS, 2010 U.S. Dist. LEXIS 110301, at *29-30 (S.D. Fla. Sept. 14, 2010) (Hopkins, M.J.) (recommending that costs related to scanning, disk copies, mini-scripts and "CD Deposition Litigation Packages" be disallowed) (Report and Recommendation adopted in 2010 U.S. Dist. LEXIS 110300 (S.D. Fla. Oct. 18, 2010)); Feinschreiber v. U.S., No. 01-3628-Civ, 2002 WL 31084156, at *2 (S.D. Fla. Aug. 12, 2002) (Huck, J.) (disallowing costs for ASCII and mini-u-script deposition transcripts); Price, 2001 WL 36085163, at *3 (disallowing costs

12

for condensed transcripts and computer disks). Similarly, many courts have declined to award costs for court reporter delivery fees and handling charges. See e.g., Robinson v. Alutiiq-Mele, LLC, 643 F. Supp. 2d 1342, 1354-55 (S.D. Fla. 2009) (Gold, J.) (adopting Report and Recommendation of McAliley, M.J.) ("Shipping and handling charges by the stenographer are not taxable."); Suarez v. Tremont Towing, Inc., No. 07-21430-CIV, 2008 WL 2955123, at *3 (S.D. Fla. Aug. 1, 2008) (Simonton, M.J) (courier, handling and delivery charges by court reporter not taxable.). Here, Defendant has failed to demonstrate that courier service, postage, and shipping/handling charges constituted necessary expenses and were not incurred merely for the convenience of counsel. See George v. Florida Dept. of Corr., No. 07-80029, 2008 WL 2571348, at *6 (S.D. Fla. May 23, 2008) (Rosenbaum, M.J.) (denying costs for transcript delivery fee where movant failed to demonstrate such cost was incurred out of necessity, as opposed to mere convenience of counsel).

Accordingly, the Court will deduct $204.15 for condensed transcripts, indices, ASCII, litigation packages, courier service, postage, and shipping/handling charges from the $7,455.95 sought for deposition transcripts,[8] resulting in transcript costs of $7,251.80.

In addition to seeking reimbursement for deposition transcripts, Defendant seeks $165.40 for a court reporter attendance fee incurred when Plaintiff failed to appear for the continuation of his deposition. Plaintiff objects to an award of this fee because the Court previously ruled that Defendant knew that Plaintiff would not be attending the deposition that day. The Court agrees that this fee was not necessarily incurred for use in the case and, therefore, will disallow this cost.

---

[8] These exclusions are reflected on Ex. 3A ($82); Ex. 3D ($47); Ex. 3H ($5.50); and Ex. 3I ($69.65).

13

Defendant additionally seeks $945.72 for daily transcripts of Plaintiff's direct and cross-examination testimony at trial. The Eleventh Circuit has held that the cost of a daily (or expedited) trial transcript should not be awarded as "a matter of course"; rather, such cost may be awarded only where the court finds that a daily transcript was necessary. Maris Distrib. Co. v. Anheuser-Busch, Inc, 302 F.3d 1207, 1225-26 (11th Cir. 2002). Here, the Court finds that the daily copy of Plaintiff's trial testimony was not necessary for use in the case, but rather was obtained for the convenience of counsel. Plaintiff testified on only one day and another attorney assisting lead counsel was present who could have taken notes of Plaintiff's testimony. Accordingly, the Court will not award the $945.72 cost of the daily transcripts. See Scottsdale Ins. Co. v. Wave Tech. Communications, Inc., No. 8:07-cv-1329-T-30MAD, 2012 WL 750317, at *2-3 (M.D. Fla. Mar. 7, 2012) (declining to tax cost of daily trial transcript as trial was not excessively long, issues were not complex, and multiple attorneys were present to take notes); Habersham Plantation Corp. v. Art & Frame Direct, Inc., No. 10-61532-CIV, 2011 WL 6138740, at *2-3 (S.D. Fla. Dec. 9, 2011) (Cohn, J.) (disallowing cost of daily trial transcripts as trial was relatively short and counsel, therefore, could have relied on their own recollection for preparation); Durden v. Citicorp Trust Bank, FSB, No. 3:07-cv-974-J-34JRK, 2010 WL 2105921, at *2-3 (M.D. Fla. Apr. 26, 2010) (declining to award costs of expedited trial transcript, finding the transcript was not necessary for use in the case, but rather was primarily for the convenience of counsel).

## PRINTING AND COPYING

Defendant seeks $572.37 for the cost of obtaining records from third-parties and $1,249.20 for in-house photocopies of documents. Under § 1920(4), "[f]ees for exemplification and the costs of making copies of any materials where the copies are

necessarily obtained for use in the case" may be taxed as costs.[9]

Plaintiff has not objected to any specific charge for records obtained from third-parties, except for the cost for his tax returns, which he contends was "unnecessary and unreasonable." Defendant, however, obtained and used Plaintiff's tax returns for impeachment of Plaintiff's trial testimony. The Court finds that all other third-party records were necessarily obtained for use in defense of this case, including the cross-examination and/or impeachment of Plaintiff's testimony. Accordingly, the Court will tax as costs the entire $572.37 sought by Defendant for third-party records.

With respect to the in-house photocopying charges sought, the Eleventh Circuit has instructed that "in evaluating copying costs, the court should consider whether the prevailing party could have reasonably believed that it was necessary to copy the papers at issue." W&O, 213 F.3d at 623. It is not necessary that photocopies be used at trial or in any papers filed with the court to be taxable. Id. (rejecting argument that photocopies were not necessary because they were not used as court exhibits nor furnished to the court or opposing counsel). Charges for photocopies made merely for the convenience of counsel or the parties, however, are not taxable. Blevins v. Heilig-Meyers Corp., 184 F.R.D. 663, 668 (M.D. Ala. 1999); Desisto College v. Town of Howey-in-the-Hills, 718 F. Supp. 906, 913 (M.D. Fla. 1989), aff'd, 914 F.2d 267 (11th Cir. 1990); Allen v. Freeman,

---

[9] Defendant properly seeks the cost of obtaining records from third-parties under § 1920(4). See United States ex. rel. Woodruff v. Hawaii Pacific Health, No. 05-00521 JAS-LEK, 2008 WL 5115051, at *7-8 (D. Haw. Dec. 5, 2008) (costs of obtaining records are recoverable under § 1920(4)); Carboneau v. Severn Trent Labs., Inc., No. 5-04-CV-116, 2006 WL 897131, at *2 (W.D. Mich. April 6, 2006) (same). Defendant, however, seeks photocopying costs under § 1920(3), which authorizes costs for "printing." This Court, however, believes that costs for photocopies should be considered under § 1920(4), which, (unlike § 1920(3)) requires that photocopies be necessary for use in the case.

122 F.R.D. 589, 591 (S.D. Fla.1988) (King, J.).

Clearly, the types of documents for which Defendant seeks photocopying costs here are generally necessary for use in a case – pleadings and other documents filed in the record, documents relating to Rule 26 initial disclosures, production of discovery documents, and documents used as exhibits at trial.  See Desisto College, 718 F. Supp. at 913 (holding that "[c]opies attributable to discovery, copies of pleadings, correspondence, documents tendered to the opposing party, copies of exhibits, and documents prepared for the court's consideration are recoverable").  Plaintiff, however, argues that the $0.20 per page charge sought by Defendant is excessive.  This Court agrees and finds that $0.10 per page is reasonable.  See Blanco v. TransAtlantic Bank, No. 07-20303-CIV, 2009 WL 2834947, at *2 (S.D. Fla. 2009) (O'Sullivan, M.J) (finding that requested $0.25 per page for photocopying excessive and reducing per page amount to $0.10) (cost award recommendation adopted in 2009 WL 2762361, at *4 (S.D. Fla. Aug. 31, 2009) (Seitz, J.)); James v. Wash Depot Holdings, Inc., 242 F.R.D. 645, 651 (S.D. Fla. 2007) (Dimitrouleas, J.) ($0.15 and $0.19 per page found to be "unnecessarily high;" taxing photocopying costs at $0.10 per page).  Reducing the charge from $0.20 per page to $.010 per page results in $624.60 for in-house photocopies.  Accordingly, the Court will award costs under § 1920(4) in the total amount of $1,196.97 ($572.37 for third-party records and $624.60 for in-house photocopying).

## RENTAL EQUIPMENT

Plaintiff seeks to tax as costs $335.84 for rental of video equipment (and related services, including labor for set of the equipment) used at trial.  Section 1920 does not authorize the taxing of such costs, and Defendant has not cited any other authority that

would permit an award of costs for rental of video equipment. Accordingly, the Court will not tax the costs of the rental fee. See Morrison v. Reichhold Chemicals, Inc., 97 F.3d 460, 465-66 (11th Cir. 1996) (disallowing cost of video equipment rental used during trial as such expense is not authorized under § 1920); Duchateau, 2012 WL 1069166, at *3 (same).

## ORDER

Based on the foregoing, it is hereby ORDERED that $13,559.49 is taxed as costs against Plaintiff, calculated as follows: (1) $2,711.00 for service of subpoenas; (2) $2,399.72 for witness fees (including mileage and subsistence allowances); (3) $7,251.80 for deposition transcripts (including court reporter fees and exhibits); and (4) $1,196.97 for photocopying (including third-party records and in-house photocopying). The Court will enter a Cost Judgment separately.

DONE AND ORDERED in Fort Lauderdale, Florida, this 31st day of August 2012.

_____
BARRY S. SELTZER
CHIEF UNITED STATES MAGISTRATE JUDGE

Copies to:

All counsel of record

Edward Santana
9041 SW 122 Avenue, #203
Miami, FL  33186